*JUDGE DANIELS*

Robert J. Bach, Esq.
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
rjbachesq@hotmail.com
Attorney for Plaintiff.

**12 CIV 6571**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EDITH LEPELLETIERI,

                  PLAINTIFF

V.

LOCAL 295/LOCAL 851 IBT PENSION
TRUST FUND; TRUSTEES OF THE
LOCAL 295/LOCAL 851 IBT PENSION
TRUST FUND; SAVASTA AND
COMPANY, INC.; AND
ABX LOGISTICS (USA) INC.

                  DEFENDANTS
-------------------------------------------------------------X

Complaint
Index No.:
12 Cv 6571(GBD)(RLE)

ECF CASE



RECEIVED
AUG 28 2012
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by her attorney, Robert J. Bach, as and for the Complaint alleges:

INTRODUCTION

1. This is a suit pursuant to the Employee Retirement Income Security Act ("ERSIA"), 29 USC 1001 et seq., by EDITH LEPELLETIERI for a pension benefit from LOCAL 295/LOCAL 851 IBT PENSION TRUST FUND("Pension Fund").

2. The Plaintiff alleges that the Pension Fund improperly denied her pension benefit because it failed to credit her service for a contributing employer, ABX Logistics (USA) Inc.("ABX") formerly known as Amerford International Corporation ("Amerford") for the year 1992. Had she been given credit for her service in

1992, she would be eligible for a pension.

3. Plaintiff seeks declaratory and compensatory relief pursuant to ERISA, 29 USC Sections 1001 et. seq., and specifically, 29 USC 1132(a)(1)(B) and 29 USC 1132(a)(3).

4. Plaintiff requests that the Court order ABX/Amerford to furnish the records to demonstrate that Plaintiff was employed by ABX/Amerford in 1992 and 1993. Plaintiff also requests that it determine that Plaintiff is entitled to a pension benefit from the Pension Fund and order it to pay her benefit; award attorney's fees and costs; award prejudgment interest; and order such other relief as the Court shall direct.

## JURISDICTION

5. The Court has jurisdiction of this matter pursuant to the Employee Retirement Income and Security Act of 1974, as amended, 29 USC sections 1132(e)(1), 1132(a)(1)(B) and (a)(3), as well as 28 USC Sections 1331, 2201, and 2202.

## VENUE

6. Venue is in the Southern District of New York because the Pension Fund is administered in this District at 60 Broad St. New York, NY by Savasta and Company, Inc.("Savasta").

## THE PARTIES

Plaintiff - Edith Lepelletieri

7. Edith Lepelletieri ("Lepelletieri"), is the plaintiff in this action and resides in Bloomingburg, New York.

8. Lepelletieri was employed by employers who were obligated to contribute to the

pension plan and the Defendant Local 295/Local 851-IBT Pension Fund agrees that she earned nine years of vesting service.

9. Plaintiff was a participant in the Pension Fund within the meaning of ERISA, section 29 USC 1002(7).

Defendant - Local 295/Local 851-IBT Pension Plan Trust.

10. Local 295/Local 851-IBT Pension Plan Trust ("Pension Fund") is a is a "multi-employer" ERISA 29 USC 1002(37) "employee pension benefit plan" within the meaning of ERISA, 29 USC 1002(2), and provides retiree benefits to its eligible participants.

11. At all times relevant, the Pension Plan was administered in the County, City and State of New York by Savasta and Company, Inc. currently located at 60 Broad Street, 37th Floor. New York, NY 10004

Defendant - Trustees of the Local 295/Local 851-IBT Pension Plan Trust.

12. The Trustees of the Local 295/Local 851-IBT Pension Plan Trust are fiduciaries of the Pension Fund within the meaning of ERISA 29 USC section 1002(21)(A).

13. Pursuant to their authority, they retained Savasta and Company to administer the Pension Fund.

Defendant - Savasta and Company, Inc.

14. Savasta and Company, Inc. is the contract administrator of the Pension Fund.

15. Among its responsibilities Savasta determines a participant's eligibility for a benefit and the amount of the benefit.

16. Savasta is a fiduciary of the Pension Fund within the meaning of ERISA, 29 USC 1002(21)(A).

## Defendant - ABX Logistics (USA) Inc.

17. ABX Logistics (USA) Inc.("ABX") formerly known as Amerford International Corporation ("Amerford"), was Ms. Lepelletieri's employer in 1992 and 1993.

18. According to the New York State Office of Corporations, Amerford is a domestic business corporation that was formed in 1948. In 1995 it changed its name to Thyssen Haniel Logistics, Inc. In March, 1999 it changed its name to ABX Logistics USA, Inc., and in October, 1999 to ABX Logistics (USA) Inc.

19. On information and belief, in 1992 and 1993 Amerford was also doing business as ABX.

20. In 1992 ABX/Amerford had a collective bargaining agreement with Teamster Local 851.

21. On information and belief, pursuant to that collective bargaining agreement, it had an obligation to make contributions to the Pension Fund on Lepelletieri's behalf.

## FIRST CAUSE OF ACTION

22. Plaintiff worked for Universal Transcontinental Corp ("UTC") from September, 1974 until July, 1983 a contributing employer to the Pension Fund, and earned 9 years of credited service in the Pension Fund.

23. She then left the industry and did not earn any credited service for the next several years through 1991.

24. In 1992, she was out of work and contacted Local 851 and was referred by the union to Amerford. She was hired by Amerford and worked through June 1993

4

when the operation closed.

25. In July, 2006, Lepelletieri filed a claim that for a pension benefit.

26. In a letter dated August 21, 2006, Savasta, on behalf of the Pension Fund denied her application for a pension benefit.

27. The August 21, 2006 letter gave her credit for the 9 years of service with USC, however, it failed to give her credit for her 1992 service with Amerford/ABX.

28 If Plaintiff had received credit for her service in 1992, she would have had 10 years of credited service and would be eligible for a pension benefit.

29. The letter found that because she had a break in service under the plan's rules, she was ineligible for a pension and the 9 years of credited service were forfeited.

30. The letter also stated that her service resumed in 1993 after her Break-in-Service and that she earned one year of Vesting Service for her work at ABX and Satin, another contributing employer to the Pension Fund.

31. In a letter dated August 28, 2006, Ms. Lepelletieri wrote a letter to the fund appealing the denial.

32. In a letter dated September 12, 2006 signed by Savasta, the Pension Fund rejected her appeal.

33. The Pension Plan had an obligation to do a thorough investigation of Plaintiff's claim and appeal.

34. The Fund did not conduct a thorough investigation, and although the fund gave her credit for ABX service in 1993, it failed to give her credit for her ABX service in 1992.

35. Plaintiff commences this action pursuant to ERISA, section 29 USC section 1132(a)(1)(B), to obtain her pension benefit for her service with Amerford/ABX for 1992.

## SECOND CAUSE OF ACTION

36. Plaintiff restates paragraphs 1-35 as though restated herein.

37. The Pension Fund failed to investigate the relationship between ABX and Amerford.

38. Pursuant to section 1132(a)(3) of ERISA, Plaintiff requests that the Court to remand Plaintiff's claim to the Pension Fund with specific instructions to investigate the relationship between ABX and Amerford.

## THIRD CAUSE OF ACTION

39. Plaintiff restates paragraphs 1-38 as though restated herein.

40. Amerford/ABX as a contributing employer to the Fund had an obligation to make correct contributions and supply accurate information about the contributions it was making to the Pension Fund on Plaintiff's behalf.

41. Amerford/ABX failed to make correct contributions and tender the correct information about the contributions it was making on behalf of the Plaintiff and because of that failure she did not receive the proper credit for her service in 1992 and therefore was found to be not eligible for her retirement benefit.

42. This failure to submit the correct records was a breach of the duty that Amerford had to the Plaintiff.

43. Pursuant to section 1132(a)(3) of ERISA, Plaintiff requests that the Court direct ABX to submit the necessary records to the Pension Fund to show that

ABX/Amerford was Plaintiff's employer in 1992.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff demands a judgment that the defendant Pension Fund violated the plaintiff's rights to a benefit pursuant to ERISA:

1. That the Court declare that Ms. Lepelletieri was entitled to pension credit for her employment with ABX/Amerford in 1992 and therefore entitled to a pension, or alternatively, remand Ms. Lepelletieri's claim to the Pension Fund with specific instructions to investigate the relationship between ABX and Amerford.

2. The Court direct ABX/Amerford to submit the necessary records to the Pension Fund to demonstrate that ABX/Amerford was Plaintiff's employer in 1992.

3. That the Court award reasonable attorney's fees and costs of this action pursuant to ERISA 29 USC Section 1132(g)(1);

4. That the Court award prejudgment interest; and,

5. That the Court award such other and further relief to make the Plaintiff whole as the Court may deem just and proper.

New York, NY
August 27, 2012

Robert J. Bach
60 East 42nd Street
40th Floor
New York, NY 10165
212 - 867 - 4455
Attorney for Plaintiff
(rjbachesq@hotmail.com)